NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

CANDACE G., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.G., A.G., A.G., *Appellees*.

No. 1 CA-JV 21-0152
FILED 10-19-2021

Appeal from the Superior Court in Maricopa County
No. JD 22142
The Honorable Robert I. Brooks, Judge

**AFFIRMED**

COUNSEL

John L. Popilek, Scottsdale
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee, Department of Child Safety*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Maurice Portley[1] joined.

---

**C A M P B E L L**, Judge:

**¶1**        Candace G. ("Mother") appeals the termination of her parental rights to three of her children based on the grounds of chronic substance abuse and six- and nine-months' time-in-care.[2] *See* A.R.S. § 8-533(B)(3), (8). Because the termination order is supported by reasonable evidence in the record, we affirm. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009).

## BACKGROUND

**¶2**        Mother is the biological parent of Armando, born in 2014, Adriana, born in 2017, and Arturo, born in 2019.[3] Mother also has five other children who are not involved in this appeal but have all been adjudicated dependent regarding Mother based on her substance abuse and neglect over the past 11 years.

**¶3**        In October 2019, the Department of Child Safety ("DCS") received a report that Mother tested positive for amphetamine and methamphetamine both at a prenatal appointment while pregnant with Arturo and shortly after Arturo's birth. After Mother violated a DCS "present danger plan," DCS filed a dependency petition.

**¶4**        In March 2020, the superior court found the children dependent and adopted a family reunification case plan. DCS provided Mother with various rehabilitative and reunification services, but she failed to successfully complete any of the services. By October 2020, she had

---

[1]        The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]        The children's biological father is not party to this appeal.

[3]        Pseudonyms are used for the children to protect their identity.

completed only four substance-abuse tests—each positive for THC and two were positive for methamphetamine.

**¶5**　　　　In October 2020, the court changed the case plan to severance and adoption. The following month, DCS filed a motion to terminate Mother's parental rights to Adriana and Arturo on the six-months' time-in-care ground and to Armando, Adriana, and Arturo on the statutory grounds of chronic substance abuse and nine-months' time-in-care. *See* A.R.S. § 8-533(B)(3), (8). With DCS's motion pending, Mother tested positive for methamphetamine three more times—the last time in January 2021, shortly before the termination adjudication.

**¶6**　　　　After the contested termination adjudication in April 2021, the superior court found that Mother's significant history of substance abuse, her failure to successfully complete the offered services, and her continued use of methamphetamine provided clear and convincing evidence to support the statutory grounds for termination. The court also found that it would be in the children's best interests to terminate Mother's parental rights and proceeded to terminate Mother's parental rights to the children. Mother timely appeals.

## DISCUSSION

**¶7**　　　　Mother argues the superior court erred in finding DCS proved by clear and convincing evidence the chronic substance-abuse ground under A.R.S. § 8–533(B)(3).[4] In support of her argument, Mother maintains she is not a continuous methamphetamine user, that she demonstrated a lengthy period of sobriety prior to Arturo's birth, that she self-referred for services to address her substance-abuse issues, and that she now knows the triggers that prompt her relapses. Mother argues that she has an action plan to address her triggers and avoid relapsing. Additionally, Mother asserts she was ready and prepared to resume custody of the children because she had stable employment and housing

---

[4]　　　Mother also argues the superior court erred by finding the six-month and nine-month out-of-home placement grounds under A.R.S. § 8–533(B)(8)(a) and (b). Because we affirm on the chronic substance abuse ground, we will not address these arguments. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002). ("If clear and convincing evidence supports any one of the statutory grounds on which the . . . court ordered severance, we need not address claims pertaining to the other grounds.").

and had completed courses in parenting. Mother argues that "[u]nder these circumstances," DCS failed to meet its burden of proof.

¶8 As the trier of fact in a termination proceeding, the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004). We therefore view the evidence and all reasonable inferences drawn from it in the light most favorable to sustaining the court's decision. *Jesus M.*, 203 Ariz. at 278, ¶ 13. We do not reweigh the evidence. *See Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 81, ¶ 13 (App. 2005). "[W]e will affirm a termination order that is supported by reasonable evidence." *Jordan C.*, 223 Ariz. at 93, ¶ 18.

¶9 "Parents possess a fundamental liberty interest in the care, custody, and management of their children." *Kent K. v. Bobby M.*, 210 Ariz. at 284, ¶ 24 (2005) (*citing Santosky v. Kramer*, 455 U.S. 745, 753 (1982); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶ 11 (2000)). However, those fundamental rights are not absolute. *Kent K.*, 210 Ariz. at 284, ¶ 24. A court may sever those rights if it finds one of the statutory grounds for severance by clear and convincing evidence and that severance is in the child's best interests by a preponderance of the evidence.[5] *See* A.R.S. §§ 8–533(B), –537(B); *Kent K.*, 210 Ariz at 281–82, 288, ¶¶ 7, 41.

¶10 The superior court may terminate parental rights under A.R.S. § 8-533(B)(3) when "the parent is unable to discharge parental responsibilities" because of her history of chronic substance abuse "and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period."[6] Chronic substance abuse is long-lasting but need not necessarily be constant abuse of drugs. *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 377, ¶ 16 (App. 2010). Generally, a parent's "temporary abstinence from drugs and alcohol does not outweigh

---

[5] Mother does not contest the superior court's best-interests finding, which is supported by the record.

[6] To terminate parental rights on the chronic substance abuse ground, the superior court "must also have found that [DCS] had made reasonable efforts to reunify the family or that such efforts would have been futile." *Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 450, 453, ¶ 12 (App. 2005). Mother does not challenge the court's finding that DCS made reasonable reunification efforts and has therefore waived the argument. *See State v. Watson*, 198 Ariz. 48, 51, ¶ 4 (App. 2000) (declining to address argument not raised in opening brief).

[her] significant history of abuse or [her] consistent inability to abstain during [the] case." *Id.* at 379, ¶ 29.

¶11 Here, the superior court found that because of Mother's drug abuse, she is unable to provide safe and stable housing or appropriate supervision for the children. The court also found Mother has used methamphetamine for approximately 14 years and continues to do so. The court noted that despite various periods of sobriety, Mother's "positive tests throughout this case demonstrate ongoing chronic use." The court found Mother's chronic drug abuse would "continue for a prolonged and indeterminate period due to [her] lack of current sobriety, failure to take advantage of services, and lack of insight into [her] need for treatment." The court held DCS proved the chronic substance-abuse ground for termination by clear and convincing evidence.

¶12 Reasonable evidence supports the superior court's termination order. Mother concedes she has a long history of substance abuse—particularly of methamphetamine—which continued throughout the dependency and termination proceedings. Mother is unable to discharge her parental responsibilities because her continued substance abuse significantly impairs her ability to parent, to identify and meet the differing needs of her children, and to recognize safety threats to them. Mother's substance abuse has led to unstable income and housing, to at least one of her children being substance-exposed at home, and to her failure to visit or interact with the three children.

¶13 The record also supports the superior court's finding that Mother's substance abuse will continue for a prolonged, indeterminate period. Mother was unsuccessfully discharged from three substance-abuse counseling programs. She did not show 30 days of sobriety (and, as a result, never completed a psychological evaluation), and tested positive for methamphetamine multiple times while her children were in DCS's care—most recently, two months before the termination hearing. A parent's failure to remedy her substance-abuse issues when faced with the imminent loss of a child is evidence that she has not overcome her dependence on the substance. *See Raymond F.*, 224 Ariz. at 379, ¶ 29. Further, Mother's argument that she knows what triggers her relapses and has a plan of action to address them is belied by the record. Mother tested positive for methamphetamine three times after the conclusion of her therapy in September 2020, and she attended only two out of five scheduled substance-abuse treatment-sessions in February 2021. The court did not err by finding DCS proved the chronic substance-abuse ground by clear and convincing evidence.

**CONCLUSION**

**¶14** We affirm the superior court's termination of Mother's parental rights to Armando, Adriana, and Arturo.

